

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 28, 1972

Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Austin, Texas   78751

Opinion No. M-1103

Re: Does a criminal con-
viction of a violation
of the traffic laws of
this State create a
reasonable possibility
of a judgment being
rendered against a
licensee so that the
provisions of the Texas
Motor Vehicle Safety-
Responsibility Act,
Article 6701h, Vernon's
Civil Statutes, would
require the suspension
of such person's license
and/or registration
receipts if he could not
satisfy the requirements
of the Act?

Dear Colonel Speir:

The Texas Motor Safety-Responsibility Act, Article 6701h,
Vernon's Civil Statutes, hereinafter referred to as the Act,
was enacted in 1951 by the 52nd Legislature and amended by
subsequent legislation.  None of the amendments affect the
issue presented by your opinion request.

Section 4 of the Act provides that the operator of a
motor vehicle involved in a collision within the State of
Texas shall file a report with the Texas Department of Public
Safety on a prescribed form.  Sections 5(a) and 5(b) provide
that a person involved in an automobile collision must comply
with the provisions of the Act by (1) submitting proof of abil-
ity to respond to damages, or (2) submit to the Department a

release from the adverse party, or (3) submit to the Department an installment agreement executed in favor of the adverse party, or (4) show that he comes within one of the exceptions enumerated in Sections 5(c) or 6.

In Bell v. Burson, 402 U.S. 535 (1971), the Supreme Court of the United States declared a Georgia statute, substantially similar to the Texas Act, unconstitutional insofar as it failed to provide for a hearing on liability or fault prior to requiring that the licensee or owner make a security deposit or suffer a suspension of his license and/or registration receipts. The Court referred to "alternate methods of compliance" and stated that before a state may deprive a person of his driver's license and/or registration receipts due process requires a "forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident". 402 U.S. 542. The Court added that the hearing required by the Due Process Clause must be "meaningful" and "appropriate to the nature of the case".

We have concluded that a criminal proceeding against a person charged with a violation of a traffic law of this State is not such a "forum" so as to constitute an "alternate method of compliance" as set forth in Bell v. Burson. Issues such as proximate cause, contributory negligence, discovered peril, and other aspects of civil liability cannot be considered by the trial court in such a proceeding. Even a guilty plea other than a "legal plea of guilty" is inadmissible. Moneyhan v. Benedict, 284 S.W.2d 741 (Tex.Civ.App. 1955, error ref. n. r.e.). A "legal plea of guilty" may be explained and rebutted. Fisher v. Leach, 221 S.W.2d 384 (Tex.Civ.App. 1949, error ref. n.r.e.); Dunham v. Pannel, 263 F.2d 725 (5th Cir. 1959).

## S U M M A R Y

A criminal conviction of a violation of the traffic laws of this State would not qualify as a hearing within the due process requirements enunciated in Bell v. Burson, 402 U.S. 535 (1971), subjecting a person to the requirements of the Texas Motor Vehicle

Safety-Responsibility Act, Article 6701h, Vernon's Civil Statutes, in that certain aspects of civil liability cannot be considered in the criminal proceeding.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jay Floyd
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Pat Bailey
Guy Fisher
Ben Harrison
John Banks

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant